LOG-OWNERS' BOOMING CO. *v.* HUBBELL.

1. REPLEVIN—DEMAND—BONA FIDE PURCHASERS.

Demand is not necessary to support an action of replevin for logs purchased by defendants from one whose only title rested on abandonment, and where defendants knew that the logs were claimed by others, and anticipated trouble.

2. SAME—OWNERSHIP—RIGHT OF POSSESSION—INSTRUCTIONS.

An instruction in an action of replevin that plaintiff must establish its ownership is not erroneous, where it is apparent that "ownership" was used in the sense of "right of possession," and that the jury must have understood it in that sense.

3. LOGS AND LOGGING — ABANDONMENT — FORFEITURE — FLOATING LOGS.

The owner of logs does not lose his title under 2 Comp. Laws, § 5098, providing for the disposition and forfeiture of logs floating upon lands adjoining streams, where the logs never were afloat, or where no steps were ever taken by the land-owner to sell the logs according to the provisions of the statute.

4. SAME—TITLE BY ABANDONMENT—INTENTION AND RELINQUISHMENT.

Where defendants claimed title to logs by abandonment, it was necessary that both the actual relinquishment and the intention to abandon be shown.

5. SAME—EVIDENCE—QUESTION FOR JURY.

Where defendants' testimony tended to show that plaintiff's logs had been left in a rollway from 20 to 30 years, had become imbedded in the sand, and overgrown by grass and bushes, and that the owner had run other logs past them for many

135 MICH.—5.

years, and taken no steps to remove them, and plaintiff's testimony tended to show that the owner placed the logs upon the rollway with the intent to convey them to places of manufacture and sale, and had taken logs from the rollway from time to time, it was proper to leave the question of abandonment to the jury.

6. EVIDENCE—ADVICE OF ATTORNEY—TITLE TO LOGS.

In an action of replevin for logs, testimony by a witness who sold the logs to defendants, that an attorney had advised him that he had a right to them, is incompetent.

Error to Newaygo; Palmer, J. Submitted October 8, 1903. (Docket No. 21.) Decided November 17, 1903.

Replevin by the Log-Owners' Booming Company against Charles Hubbell and Fred C. Taylor. From a judgment for defendants, plaintiff brings error. Reversed.

This is an action of replevin brought in justice's court to recover a small amount of lumber cut from logs taken by the defendants from a rollway on the Muskegon river; plaintiff claiming the right of possession, but not ownership. Plaintiff was organized for the purpose of running, driving, booming, and rafting logs, etc., on Muskegon lake and river, and their tributaries. It claimed authority by contract from the log owners along this river to take possession of and run all the logs put in the river, or upon the bank of the river and on the rollways, and deliver them to the various owners at their places of destination. Among such were the alleged owners of the logs in question, which were marked with marks claimed to be owned by two firms,—Alberts & Co. and Gow & Campbell. Defendants claimed ownership by bill of sale from one Dickinson, the owner by purchase of the land where the rollway, known as the "Carmichael Rollway," was situated. Some were wholly or partly exposed to view. Others were covered with sand and dirt, and grass and brushes had grown over them. Defendants claim title by

abandonment; their theory being that the original owners had left these logs in this rollway so long that they had lost title by abandonment, and that, when Dickinson bought the land, title to the logs passed with it. Plaintiff, upon discovering that the defendants had taken the logs, went to their mill, found the lumber manufactured therefrom, and brought this action to recover it. The issue was submitted to a jury, who found in favor of the defendants. Defendants waived the return, and asked judgment for the value.

*M. Brown* (*William Carpenter*, of counsel), for appellant.

*E. L. Gray*, for appellees.

Grant, J. (*after stating the facts*). 1. No demand of possession was necessary before bringing suit. Defendants knew that these logs bore marks of other owners, and that the title which they would obtain by a purchase from Dickinson rested entirely upon abandonment. Dickinson did not actually claim title, but informed defendants that they could take whatever title he had. They admitted that they knew the logs were claimed by others, and anticipated trouble. Under such circumstances, they were not *bona fide* purchasers.

2. Error is assigned upon the instruction of the court that the plaintiff must establish its ownership of the property. It is manifest from the entire instruction that "ownership" was used in the sense of "right of possession," for near the close of his instruction the judge said:

"I charge you that such *prima facie* ownership has been shown in the plaintiff, if you believe the testimony offered, as would give it a right, in the first instance, to take these logs as they might have along the river bank; that is, logs either afloat or intended to be put afloat."

It would seem from this that the jury were instructed that the result of the case depended entirely upon owner-

ship, and this was correct. The evidence was mainly directed to this question. If those under whom plaintiff claimed the right of possession did not own the logs, then plaintiff could not maintain the suit. It is improbable that the jury were misled by the failure of the court to instruct them that right of possession was sufficient.

3. The court instructed the jury as follows:

"It is also a rule of law that if the logs are afloat, and the owner or proprietor allow them to stay drifted upon the shore, or the property of any man who owns along the river, for 18 months, without doing anything by way of removing them, he would forfeit his right or his ownership in that property; that is the law."

This instruction was evidently based upon section 5098, 2 Comp. Laws, providing for the disposition of logs floating upon lands adjoining the streams, and for the forfeiture of all right thereto by the owners. It was erroneous for two reasons: (1) Because the logs, or at least part of them, were never afloat, and had never drifted upon the shore of the land of the owner; and (2) no steps were taken by the owner under the statute to obtain title according to its provisions. The statute does not mean that the title to the property is forfeited by allowing it to remain for 18 months upon the land. It is doubtful if such a provision would be constitutional. Such title is only lost when the landowner has taken proceedings thereunder to sell the logs. If this instruction of the court were correct, no proceedings would be necessary for a sale of the logs, and that part of the statute would be useless.

4. The main issue was title by abandonment. This issue was left to the jury, and we think correctly. Defendants gave testimony tending to show that these logs had been in this rollway from 20 to 30 years, that they had become imbedded in the sand and earth, and that grass and bushes had grown over many of them. If it be true that the owners had run other logs past them for many years, and had taken no steps to remove those imbedded in the rollway, or any of them, it would not be an unreason-

able inference to draw that they were abandoned, because ordinarily they would become decayed and worthless. On the other hand, plaintiff insists that the owners placed them upon the rollway, intending to convey them to places of manufacture and sale, and that, if any floated there and became imbedded in the sand, they were cut and placed in the water with the same intent, and that no intent to abandon, under such circumstances, is to be implied merely from lapse of time. This contention is sound, and is sustained by the authorities. The logs were not lost, for the owners knew that they had logs in this rollway partly buried, and the defendants knew it also. There is evidence that the original owners had taken logs therefrom from time to time. This was a circumstance for the consideration of the jury in determining the intent of the owners. The intention to abandon is essential to maintain defendants' title. This may be inferred from the conduct of the owners and the situation of the property. If these logs were so situated that there was no danger of injury by decay or otherwise, and the owners had from time to time taken logs therefrom, as they annually drove the river, the intent to abandon could hardly be presumed from lapse of time. If the parties had abandoned logging upon the river, it is apparent that the intent to abandon would be more readily presumed from failure to remove for any considerable length of time. But the mere failure to exercise the act of removal would not operate as an abandonment, or proof of an intention to abandon. Both the intention to abandon and actual relinquishment must be shown. 1 Cyc. Law & Proc. 4, and authorities there cited.

5. It is claimed by the plaintiff that some of the logs manufactured by the defendants were not taken from the Carmichael rollway. If this be the fact, the court, as to these logs, marked D and BD, should have directed a verdict for the plaintiff. If upon a new trial this conclusively appears, the plaintiff would be entitled to a verdict therefor.

6. Mr. Dickinson, a witness for the defendants, was permitted to testify that he had consulted an attorney about his right to these logs, and that he told the defendants that the attorney advised him that he did have a right to them. This testimony was clearly incompetent.

There are many other assignments of error upon the admission and rejection of testimony, but we do not deem them of sufficient importance to discuss, as they are not likely to arise upon a new trial.

Judgment reversed, and new trial ordered.

The other Justices concurred.