## GRIX *v.* LIQUOR CONTROL COMMISSION.

1. OFFICERS—STATE CIVIL SERVICE—DISCHARGED EMPLOYEE—IN-
VESTIGATION—REINSTATEMENT.

Under statute regulating State civil service, a discharged em-
ployee was entitled only to an investigation of the cause of
his removal but no one had a right to compel the appointing
power to reinstate an employee who had been discharged (Act
No. 346, Pub. Acts 1937, as amended by Act No. 97, Pub. Acts
1939).

2. LIMITATION OF ACTIONS—DELAY—CLAIM AGAINST STATE.

Delay short of the statute of limitations is not a defense to a
claim by classified civil service employee for damages for
breach of contract of employment by State.

3. EQUITY—LACHES.

Mere lapse of time, without a showing of prejudice, will not
constitute laches.

4. OFFICERS—STATE CIVIL SERVICE—LACHES—ABANDONMENT OF
CLAIM.

Fact that plaintiff, who had been a classified employee in the
State civil service, waited until nearly two years after his
illegal discharge before presenting claim for loss of salary dur-
ing which time another person was hired and paid for the
work formerly done by plaintiff did not constitute a showing
of laches on his part barring his claim; nor was abandonment
of claim shown where he protested his dismissal to the civil
service commission immediately following his discharge.

5. WAIVER—INTENT.

No man can be bound by a waiver of his rights, unless such
waiver is distinctly made with full knowledge of rights he
intends to waive and fact of knowledge of rights and intent
to waive them must plainly appear.

6. SAME—INTENT—PREJUDICE.

A waiver may be express or implied, but in the absence of an express agreement it will not be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby unless by his conduct the opposite party has been misled to his prejudice into the honest belief that such waiver was intended or consented to.

7. SAME—ESTOPPEL.

To make out a case of waiver of a legal right there must be a clear, unequivocal, and decisive act of the party showing such a purpose or acts amounting to an estoppel on his part.

8. SAME—CONSIDERATION.

A waiver, to be operative, must be supported by an agreement founded on a valuable consideration.

9. OFFICERS—CIVIL SERVICE EMPLOYEE—CLAIM FOR SALARY—ESTOPPEL.

Illegally discharged civil service employee of State liquor control commission who protested his dismissal immediately thereafter but waited for nearly two years before presenting claim for damages for breach of contract of employment was not estopped from such action because of fact that commission had employed another person and paid him the same salary formerly paid plaintiff.

10. ESTOPPEL—PREJUDICE.

There can be no estoppel unless a party is misled to his prejudice by the conduct of the person against whom it is set up and acts are done relying upon conduct calculated to mislead.

11. OFFICERS—ILLEGALLY DISCHARGED CIVIL SERVICE EMPLOYEE—REINSTATEMENT—PUBLIC POLICY.

The doctrine of public policy may not be invoked to defeat claim for loss of salary by illegally discharged civil service employee of State liquor control commission where the State was given an opportunity to rehire plaintiff but failed to do so and there was then no power upon the part of the civil service commission to compel the liquor control commission to reinstate plaintiff (Act No. 346, Pub. Acts 1937, as amended by Act No. 97, Pub. Acts 1939).

12. SAME—ILLEGALLY DISCHARGED CIVIL SERVICE EMPLOYEE—CLAIM FOR COMPENSATION—MITIGATION OF DAMAGES.

An illegally discharged State civil service employee is entitled to his salary or wages at the rate of compensation formerly

paid him less what he earned or by the use of reasonable diligence could have earned during the period for which his claim is made.

13. APPEAL AND ERROR—REMAND—MITIGATION OF DAMAGES—EVIDENCE.

On remand for entry of judgment for claimant for damages for loss of compensation as an illegally discharged civil service employee of the State, the presiding judge may, in his discretion, receive testimony on matter of mitigation of damages.

Appeal from Court of Claims; Hoffius (Cornelius), J., presiding. Submitted November 30, 1942. (Docket No. 111, Calendar No. 42,178.) Decided February 23, 1943.

Claim by George E. Grix against Liquor Control Commission and others for damages for illegal discharge from State employment. Judgment for defendants. Plaintiff appeals. Reversed and remanded for entry of judgment.

*Samuel Posner,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Meredith H. Doyle* and *Daniel J. O'Hara,* Assistants Attorney General, for defendants.

SHARPE, J. Plaintiff filed a claim before the court of claims for salary from July 24, 1939, to May 8, 1941, at the rate of $125 per month.

The material facts are not in dispute. Petitioner was a civil service employee of the liquor control commission. His salary was $125 per month. He was discharged on July 24, 1939. Notice of his discharge was given to the director of the civil service commission four days later. On the day of

his discharge, plaintiff wrote a letter to the civil service commission protesting against his dismissal and demanding a hearing. On September 28, 1939, a hearing was held. On October 5, 1939, plaintiff was notified by the commission that his dismissal was irregular, yet it did not have any power to reinstate him. No further action was taken by plaintiff until May 12, 1941, when he commenced the present suit. It is admitted by defendants that Act No. 346, Pub. Acts 1937, as amended by Act No. 97, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 402–1 *et seq.,* Stat. Ann. 1942 Cum. Supp. § 3.951 *et seq.*), was not complied with in dismissing plaintiff; and that following plaintiff's dismissal another was hired in plaintiff's place and paid the same salary as plaintiff had formerly received.

The presiding circuit judge who heard the case made the following finding:

"I find plaintiff abandoned expectation of reemployment; that he voluntarily waived his rights by acquiescence; that he unreasonably delayed pressing his claim after [being?] notified of his reinstatement. He is not entitled to recover his claim for compensation as presented."

Plaintiff appeals and contends that his discharge was illegal, therefore, he is entitled to his salary from the date of his discharge until the date he started suit. Defendants urge that assuming plaintiff was illegally discharged, his course of conduct for 19 months after the civil service commission ruled it had no authority to reinstate him amounted to an estoppel by laches and evinced an intent to waive his strict legal rights and to abandon any claim he might have against the State of Michigan.

In our opinion, the record shows that plaintiff was illegally discharged. It is to be noted that under

the civil service act then in force (Act No. 346, Pub. Acts 1937, as amended) no one had a right to compel the appointing power to restore an employee who had been discharged. The statute provides only that a written statement concerning the dismissal might be filed. Plaintiff was entitled only to an investigation of the cause of his removal.

Defendants urge that plaintiff was guilty of laches.

In *Poloms* v. *Peterson*, 249 Mich. 306, plaintiff brought suit for fraud in the sale of real estate. The court stated:

"Defendant's contention that by retaining possession the plaintiffs have estopped themselves from recovering in this suit is not well founded. They had the right of affirming the contract and of seeking redress in damages. Laches short of the statute of limitations is not a defense to an action so brought. *Barnhardt* v. *Hamel*, 207 Mich. 232; *Haukland* v. *Muirhead*, 233 Mich. 390."

In *Kaminski* v. *Wayne County Board of Auditors*, 287 Mich. 62, 67, the court said:

"Plaintiff's delay of approximately 3 years in pressing his claim is decidedly short of the period of the statute of limitations by which it would be barred. Mere delay in asserting a claim for a period less than the statute of limitations does not, in the absence of exceptional circumstances, constitute such laches as will defeat plaintiff's recovery either in law or in equity. *Epstean* v. *Mintz*, 226 Mich. 660."

In the case of *Chamski* v. *Wayne County Board of Auditors*, 288 Mich. 238, plaintiff, a deputy register of the probate court of Wayne county, was discharged on December 31, 1936. He brought suit on December 27, 1937, one year later, alleging that his

discharge was illegal. The defendants contended among other things that the plaintiff was guilty of laches in not bringing suit until one year after he was discharged. The court said (p. 252):

"Defendant's claim that trial court erred in ruling there was not sufficient showing to warrant a determination that plaintiff was barred from relief by laches. The trial court was right in holding:

" 'Laches is an affirmative defense and no testimony bearing on this question of laches was offered aside from the fact that the bill was not filed until December 27, 1937, and that meanwhile another deputy register occupied the desk formerly occupied by plaintiff and performed the duties formerly performed by the plaintiff.'

"Mere lapse of time, without a showing of prejudice, will not constitute laches. *Cudahy Brothers Co.* v. *Western Michigan Dock & Market Corp.*, 285 Mich. 18; *Kaminski* v. *Wayne County Board of Auditors*, 287 Mich. 62."

In the case at bar defendants rely upon two facts to show laches: namely, that suit was not brought until nearly two years after plaintiff was discharged and that in the meantime another person was hired and paid for the work that was formerly done by plaintiff. In our opinion the reasons stated do not bring the facts of this case within the exception mentioned in the *Chamski Case, supra.*

Nor do we think the facts show that plaintiff abandoned his claim. Immediately following his discharge, plaintiff protested his dismissal to the civil service commission.

In *Log-Owners' Booming Co.* v. *Hubbell,* 135 Mich. 65 (4 L. R. A. [N. S.] 573), we held that the mere failure to remove logs from the river bank would not operate as an abandonment, or show an intention to abandon.

In 27 R. C. L. pp. 909, 910, it is said:

"No man can be bound by a waiver of his rights, unless such a waiver is distinctly made, with full knowledge of the rights which he intends to waive; and the fact that he knows his rights, and intends to waive them, must plainly appear. A waiver may be express or implied, but in the absence of an express agreement a waiver will not be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby, unless by his conduct the opposite party has been misled, to his prejudice, into the honest belief that such waiver was intended or consented to. To make out a case of waiver of a legal right there must be a clear, unequivocal, and decisive act of the party showing such a purpose or acts amounting to an estoppel on his part. A waiver, to be operative, must be supported by an agreement founded on a valuable consideration."

The doctrine of estoppel has no application to the facts in the case at bar.

In *Cudahy Brothers Co.* v. *West Michigan Dock & Market Corp.,* 285 Mich. 18, 26, we said:

"One who is cognizant of all the material facts can claim nothing by estoppel.

" 'There can be no estoppel unless a party is misled to his prejudice by the conduct of the person against whom it is set up, and acts are done relying upon conduct calculated to mislead.' *Thirlby* v. *Rainbow,* 93 Mich. 164, 170.

"To the same effect, see *Plumb* v. *City of Grand Rapids,* 81 Mich. 381; *Ladd* v. *Brown,* 94 Mich. 136; *Murray* v. *Rugg,* 116 Mich. 519; and *Tower* v. *Township of Somerset,* 143 Mich. 195."

Nor do we think that the doctrine of public policy can be invoked. Such a doctrine may not be invoked where the State was given an opportunity to rehire plaintiff and right the wrong it had caused him.

This brings us to the question of what damages plaintiff is entitled to. Plaintiff urges that he is entitled to his salary from the date of his illegal discharge until the date he started the present suit. He relies upon *Sullivan* v. *State Board of Tax Administration,* 290 Mich. 664, as authority for such claim. In the above case, Sullivan, a referee of the State board of tax administration, was discharged and subsequently brought mandamus proceedings for reinstatement and back pay. We there said (p. 672):

"Relator's dismissal from the service because his services no longer would be required and for the good of the service is sought to be upheld under Act No. 346, § 17, subd. 3, Pub. Acts 1937, which provides:

" 'An appointing authority may dismiss a classified employee whenever he considers the good of the service to be served thereby.'

"But that section of the statute provides, in addition, that the appointing authority, before the effective date of the dismissal, give written notice of his action to the director of civil service; that the director make an investigation, report to the civil service commission his findings, et cetera. There is no claim the appointing authority which removed relator complied with the provisions of this act. His dismissal was, therefore, illegal. *O'Donnell* v. *Liquor Control Commission,* 288 Mich. 377. Relator continued to be an employee of the State until the effective date of Act No. 97, Pub. Acts 1939, May 15, 1939. (This amendment to the act placed plaintiff's job in the unclassified service.) He is not entitled to be reinstated, but is entitled to be paid from January 13, 1939, to May 15, 1939, as a State employee at the rate of compensation formerly paid him."

The rule announced in the *Sullivan Case* is based

upon the theory that a civil service State employee has an implied contract of service for as long as his services are satisfactorily performed in the department to which he has been assigned and until such time as there is no need for such services. It follows that an illegally discharged employee is entitled to his salary or wages at the rate of compensation formerly paid him. However, the rule that in case of breach of contract the injured party must make every reasonable effort to minimize the damages suffered (*Harrington-Wiard Co.* v. *Blomstrom Manfg. Co.,* 166 Mich. 276; *Rich* v. *Daily Creamery Co.,* 296 Mich. 270 [134 A. L. R. 232]) also applies. Therefore, plaintiff is only entitled to such wages less what he earned or by the use of reasonable diligence could have earned during the period for which his claim is made. It appears that plaintiff has been employed some of the time since his illegal dismissal from State service, but the total amount of such earnings was not brought out at the hearing.

The judgment is reversed and the cause remanded to the court of claims for entry of judgment in conformity with this opinion. The presiding judge may in his discretion receive testimony on mitigation of damages. Plaintiff may recover costs.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.