L. L. WILLIAMS, assignee of J. F. McGaffee, d/b/a J. F. McGAFFEE COMPANY, DES MOINES PLUMBING AND HEATING COMPANY, appellant, v. STROH PLUMBING & ELECTRIC, INC., appellee.

No. 49628.

(Reported in 94 N.W.2d 750)

600 

FEBRUARY 10, 1959.

Lorna L. Williams, of Des Moines, for appellant.

Neiman, Neiman & Stone, of Des Moines, for appellee.

GARFIELD, J.—Plaintiff brought this law action on an account against defendant for $436.97 assigned to her February 20, 1954, by J. F. McGaffee who did business as J. F. McGaffee Company—Des Moines Plumbing and Heating Company. Upon trial to the court without a jury plaintiff was denied recovery on the ground defendant held a claim against plaintiff's assignor for materials delivered to him in the amount of $456 which was established as an offset. Plaintiff appeals.

I. Plaintiff contends it appears without dispute that defendant by its conduct waived its right to offset as against her its claim against the assigned account.

This issue of waiver of defendant's counterclaim is an affirmative defense thereto interposed by plaintiff. The burden of proving it by a preponderance of the evidence rested upon plaintiff. Ford v. Ott, 186 Iowa 820, 834, 173 N.W. 121; White Co. v. Canton Transp. Co., 131 Ohio St. 190, 2 N.E.2d 501, 505; 56 Am. Jur., Waiver, section 22.

We have frequently pointed out that in the absence of an admission by the adverse party it is not often that one who has the burden on an issue establishes it as a matter of law. Davis v. Knight, 239 Iowa 1338, 1343, 35 N.W.2d 23, 26, and citations; Nichols v. Kirchner, 241 Iowa 99, 103, 40 N.W.2d 13, 16, and citations; Ruble v. Carr, 244 Iowa 990, 993, 59 N.W.2d 228, 230, and citations.

It is not contended there was an express waiver of defendant's counterclaim but that a waiver may be inferred or implied from defendant's conduct mainly in not responding to statements it received of the account of plaintiff's assignor. This account was for five items of pipe delivered by McGaffee to defendant in August and September 1952. Mr. Donald R. Stroh, defendant's president and general manager, admitted receiving a statement of the account from Ernst & Ernst, who audited the McGaffee books, about June 1, 1953.

The trial court erroneously excluded plaintiff's offer of proof that the Ernst & Ernst statement bore a notation requesting it be examined and any discrepancy between it and defendant's records be reported to the auditors "and if no differences are reported to our auditors this statement will be considered correct." Mr. Stroh admitted he never communicated with Ernst & Ernst. He did testify, however, he telephoned Loren McGaffee, son of J. F. McGaffee, who said he knew defendant had an account against his father, the two mutual accounts were about equal and to forget the statement defendant received. There is disputed testimony Loren was manager of the McGaffee business at that time.

There is undenied evidence that statements of the McGaffee account were sent defendant each month from June or July to November 1953 inclusive, and perhaps in February and March of that year, and defendant made no response to them. It also appears defendant kept no account on its books of its claim against plaintiff's assignor. Defendant's contention is that the materials furnished it by McGaffee were in exchange for materials it furnished him and "we didn't keep book records on an exchange account." Mr. Stroh said he did, however, keep a record in the form of a memorandum in his own handwriting of the materials defendant furnished McGaffee.

 Waiver is usually defined as the voluntary relinquishment of a known right. Pond v. Anderson, 241 Iowa 1038, 1043, 44 N.W.2d 372, 375, and citations; North American Ginseng Co. v. Gilbertson, 200 Iowa 1349, 1352, 206 N.W. 610; 92 C. J. S., Waiver, page 1048.

Where acts and conduct are relied upon as proof of waiver, the intention of the party charged to waive his rights must clearly appear. Bankers Trust Co. v. Economy Coal Co., 224 Iowa 36, 43, 276 N.W. 16, and citation; Grix v. State, 304 Mich. 269, 8 N.W.2d 62, 64; Karl Kiefer Mach. Co. v. Henry Niemes, Inc., 82 Ohio App. 310, 80 N.E.2d 183, 186; 56 Am. Jur., Waiver, sections 15, 22; 92 C. J. S., Waiver, page 1064; 31 C. J. S., Estoppel, section 162b. See also Phoenix Insurance Co. v. Heath, 90 Utah 187, 61 P.2d 308, 106 A. L. R. 1391, 1396.

 Especially where acts and conduct are relied upon to show waiver the issue is usually one of fact for the jury, although

occasionally, where the evidence is not disputed, the question becomes one of law for the court. Terry v. American Ins. Co., 202 Iowa 1291, 1298, 211 N.W. 716; Currie v. Continental Casualty Co., 147 Iowa 281, 286, 126 N.W. 164, 140 Am. St. Rep. 300; 56 Am. Jur., Waiver, section 23; 31 C. J. S., Estoppel, section 163b, pages 463, 464.

We are not persuaded it appears as a matter of law that defendant waived the right to offset its account against the one declared upon by plaintiff. As in most cases the question of waiver was one of fact.

██ II. Plaintiff testified she operated the McGaffee business in order to liquidate it from May 29, 1953, until December of that year, sent defendant monthly statements of the account against it and received no protest as to its accuracy or correctness. As previously stated the account was assigned to plaintiff February 20, 1954. Plaintiff was asked whether she believed the account to be true and correct and relied upon its being due from defendant. The court sustained defendant's objection to these questions as calling for the witness' state of mind and as immaterial to the issues. The record shows, by offer of proof, affirmative answers to the questions, also that in reliance upon the correctness of the account she allowed McGaffee the amount thereof upon a debt he owed her.

██ Plaintiff's assignment of error in these rulings must be sustained. Neither ground of the objection was good. Whenever the belief, intent or motive of a witness is material it is now well settled he may testify directly thereto. Halligan v. Lone Tree Farmers Exch., 230 Iowa 1277, 1286, 300 N.W. 551, 556, and citations; Nelson v. Grimes, 8 Cir., 256 F.2d 816, 819, and citations. See also 32 C. J. S., Evidence, section 510a.

The offered testimony is material to the issue pleaded by plaintiff that defendant is estopped from asserting its counterclaim as against plaintiff.

III. As already indicated, the court was also in error in excluding, as immaterial, testimony, offered by plaintiff, of the employee of Ernst & Ernst, who audited the McGaffee books, that he sent defendant a statement of the account sued upon bearing the notation to report any disagreement with it to the auditors and that no response to it was received.

Since Mr. Stroh admitted he received a statement from Ernst & Ernst and did not communicate with them, the erroneous ruling was prejudicial to plaintiff only insofar as it does not appear from Stroh's testimony the statement he received bore the notation to which the auditor would have testified.

■ IV. Mr. Stroh said defendant did not keep a record on its books of "an exchange account" but he kept a memorandum in his handwriting of the materials McGaffee received from it. He was then asked to refresh his recollection from the memorandum and tell what these materials were—dates, quantities and value of the items. Plaintiff's objection, as incompetent, irrelevant and immaterial, calling for an opinion, conclusion and self-serving declaration, hearsay, an attempt to get around the exception to the rule on books of account and regular entries in the ordinary course of business and not the best evidence, was overruled.

Mr. Stroh then testified to the six items of material, which form the basis of the counterclaim, which he said were furnished McGaffee on five different dates between July 9, 1952, and January 6, 1953. Trial was May 1, 1958. The first item was "July 9, 1952, 250 feet of 4 inch transite @ 46 cents, $115." Other items are of the same general nature although only one other is for "transite." There is no testimony as to when the memorandum referred to was made, that the entries were true and correct or known to be so when made.

We think admission of this evidence was error. It is clear the memorandum was not admissible as a book of account under sections 622.28, 622.29, Code, 1958. Nelson v. Adams Co., 179 Iowa 586, 589, 161 N.W. 645.

■ It is perhaps possible, although it seems highly improbable, the witness' recollection of these transactions could be sufficiently refreshed by the memorandum to enable him to testify *from personal knowledge* concerning the details which occurred five to six years before the trial. In any event, before the witness gave the above testimony it should have been shown he was unable to testify from memory without use of the memorandum and that his present recollection was so revived thereby as to enable him to testify to the transactions from personal knowledge.

"A witness should not be allowed to see * * * a memorandum * * * for the purpose of refreshing his memory unless and until it appears that the aid of such memorandum * * * is necessary because of his being unable to testify from memory without it, * * *." 98 C. J. S., Witnesses, section 358b, page 87. This is said to be the general rule. 58 Am. Jur., Witnesses, section 580. See also annotation, 125 A. L. R. 19, 27–30.

It is not clear the memorandum was used as a means of reviving the witness' present recollection rather than as a record of past recollection. The memorandum was plainly not admissible as a record of past recollection. No attempt was made to lay the foundation for its admission as such by showing the facts were fresh in the witness' mind when it was made and that it accurately states the witness' recollection of them at the time it was made—that he then knew it to be true. State v. Easter, 185 Iowa 476, 170 N.W. 748; 98 C. J. S., Witnesses, section 358c, pages 88, 89.

Unlike the Easter case, many decisions of different courts do not distinguish between memoranda for the purpose of reviving present recollection and those which are records of past recollection. III Wigmore on Evidence, Third Ed., section 758, page 102, section 761, page 105. Numerous precedents might be cited for the proposition that before a witness may refer to a memorandum to refresh his present recollection it must be shown to have been made at or near the time of the recorded events. Annotations, 125 A. L. R. 19, 59; 65 A. L. R. 1478.

However, as pointed out in Wigmore, Third Ed., section 758; Annotation, 65 A. L. R. 1478, 1488; 98 C. J. S., Witnesses, section 358b, page 86, section 360b, page 98, and elsewhere, if a memorandum actually revives a witness' present recollection it should not be necessary to show it is an accurate record of past recollection. See Kinsey v. State, 49 Ariz. 201, 65 P.2d 1141, 125 A. L. R. 3, 10–12, which quotes from State v. Easter, supra, 185 Iowa 476, 170 N.W. 748. So we are content to hold that before Mr. Stroh's testimony was admissible it should have been shown he was unable to testify from memory without use of the memorandum and that his present recollection was so

revived thereby as to enable him to testify to the transactions from personal knowledge.

The question here discussed is fully considered and the views here expressed find support in Wigmore, Third Ed., sections 734–761; Annotations, 125 A. L. R. 19; 65 A. L. R. 1478; 98 C. J. S., Witnesses, sections 358, 360; 58 Am. Jur., Witnesses, sections 579–597.

V. Plaintiff's contention there was not sufficient competent evidence to sustain the trial court's finding that defendant, in effect, had proved its counterclaim must also be sustained.

The court found that pursuant to the agreement alleged by defendant with plaintiff's assignor, defendant delivered to him the merchandise as alleged in its counterclaim. Not only is there no evidence of any agreement but Mr. Stroh, defendant's president and general manager, testified, "We never had an agreement with reference to the exchange of materials." Proof that defendant delivered the materials to McGaffee rests largely on the testimony of Mr. Stroh referred to in the preceding division (IV) hereof.

VI. At the close of plaintiff's testimony and before resting she requested permission to file an amendment to her petition to conform to the proof, alleging that her claim was an account stated. Although the record does not show objection by defendant to this request the court denied it, and plaintiff assigns the ruling as error.

While the court might well have allowed the amendment we are not persuaded its denial was an abuse of the broad discretion a trial court has in the matter of permitting an amendment during the trial. Plaintiff's petition was filed December 30, 1954, and an amendment thereto February 3, 1955. Defendant's answer and counterclaim were filed April 13, 1955. Plaintiff's reply to the answer and her answer to the counterclaim were not filed until April 30, 1958, the day before the trial. Apparently the court permitted these pleadings to stand notwithstanding defendant's objection they were filed much too late.

In any event, upon remand of this case the trial court will have the same discretion to permit plaintiff to amend her petition as if the case had not been tried. We have so held in a long

line of decisions. The presumption is that after the remand the court's discretion in granting or denying leave to amend will not be abused. See in this connection Webber v. E. K. Larimer Hdwe. Co., 234 Iowa 1381, 1389, 15 N.W.2d 286, 290, and citations; Elson v. Nickles, 240 Iowa 292, 294, 295, 36 N.W.2d 343, 344; Benson v. Chase Grain Storage Co., 246 Iowa 591, 596, 67 N.W.2d 433, 435, 436; rule 88, Rules of Civil Procedure.

 VII. Plaintiff complains she was not allowed interest on the account sued upon. Under section 535.2(6), Code, 1958, she is entitled to interest upon an open account after six months from the date of the last item. Des Moines Bank & Trust Co. v. Iowa Southern Util. Co., 245 Iowa 186, 191, 61 N.W.2d 724, 727. However, if defendant is entitled to set off its account it should also have interest thereon after six months from the date of the last item.

Other contentions of plaintiff need not be considered. The errors herein pointed out entitle plaintiff to a reversal and a new trial. We feel this is not a case where we should enter, or direct the trial court to enter, final judgment for plaintiff. See rule 349, Rules of Civil Procedure; Plumb v. Minneapolis and St. Louis Ry. Co., 249 Iowa 1187, 1200, 91 N.W.2d 380, 389.—Reversed and remanded.

All JUSTICES concur.