GOODWILL INDUSTRIES OF DETROIT *v.* WHITSITT.

1. REPLEVIN—POSSESSION—DEMAND.
   No demand before filing replevin action is necessary where defendant claims title and right of possession to property, or exercises possession or control over the property with knowledge of the plaintiff's adverse claim, since a demand under such circumstances would be an idle ceremony.

2. CHATTEL MORTGAGES—NOTICE—SHERIFF'S SALE—BONA FIDE PURCHASER.
   Purchaser at sheriff's sale of car against which plaintiff's chattel mortgage had been recorded in Wayne county could not possibly be a bona fide purchaser at the sale held in Presque Isle county where the chattel mortgage had not been recorded but fact of existence of the chattel mortgage was, by plaintiff's attorney, brought to the notice of the deputy sheriff in charge and all persons present, including individual defendant who was secretary-treasurer of corporate defendant.

3. REPLEVIN—PLEADING—PARTIES.
   The filing of an answer by defendant, added by stipulation and order making it a full party defendant, cured the defect of instituting replevin action against an improper defendant.

Appeal from Presque Isle; Glennie (Philip J.), J. Submitted June 7, 1962. (Docket No. 26, Calendar No. 49,426.) Decided September 10, 1962.

Replevin by Goodwill Industries of Detroit, a nonprofit corporation, against Neil Whitsitt for

REFERENCES FOR POINTS IN HEADNOTES
[1]  46 Am Jur, Replevin § 56.
[2]  10 Am Jur, Chattel Mortgages § 102.
[3]  46 Am Jur, Replevin §§ 70, 98.

possession of automobile seized and sold on writ of execution. Millersburg Seed & Grain Elevator, Inc., a Michigan corporation, intervened and added as party defendant. Judgment for plaintiff. Defendants appeal. Affirmed.

*Philip T. Van Zile* and *Charles C. Menefee,* for plaintiff.

*Kopietz, Burau & Schuster,* for defendants.

KAVANAGH, J. Defendants appeal from a judgment entered in the circuit court for the county of Presque Isle in favor of plaintiff giving it possession of a 1956 Buick automobile.

It is alleged by defendants: (1) that the trial court erred in refusing to grant defendants' motion to dismiss based upon failure to demand possession of the property prior to issuance of the writ of replevin; (2) that a writ of replevin cannot lawfully issue against a defendant not in possession of the property replevied; (3) that a chattel mortgage must be recorded in the county where a mortgagor resides to be proper notice to a bona fide purchaser at sheriff's sale; (4) that the trial court erred in not granting Millersburg Seed & Grain Elevator, Inc., a money judgment against the plaintiff for $725 plus interest and costs.

Plaintiff, Goodwill Industries of Detroit, a non-profit corporation, loaned to one of its employees, Garland E. Tubbs, the sum of $700 to purchase a 1956 Buick automobile. Prior to going to Detroit Tubbs was a resident of Onaway in Presque Isle county. He obtained a job with Goodwill Industries of Detroit, and temporarily lived at Warren in Macomb county until he could find a home in Detroit. Under date of August 1, 1960, Tubbs gave to plaintiff his note for $700 secured by a chattel mortgage on

the car. The chattel mortgage was duly recorded in Wayne county. It was not recorded in Macomb or Presque Isle county.

On October 20, 1960, Tubbs quit his job with plaintiff and returned to Onaway, taking the mortgaged automobile with him. After leaving his employment he made no further payments on the car and there is a balance due on his note of some $500.

Tubbs, while living in Onaway, Presque Isle county, prior to going to Detroit, had become indebted to Millersburg Seed & Grain Elevator, Inc., by reason of the sale of certain merchandise to him. Tubbs was also indebted to one Thomas P. Smith, doing business as Tom's Speedway 79 Gasoline Station, of Onaway, for merchandise purchased. Millersburg and Smith instituted 2 separate suits before a justice of the peace in Onaway and recovered judgments on the debts. Prior to the entry of the judgments plaintiff advised the justice of the peace before whom the suits were pending of its chattel mortgage on the car. After taking default judgments against Tubbs, writs of execution were issued and levy was made against the mortgaged car. Sheriff's sale was advertised for February 2, 1961, by the Presque Isle county sheriff. Plaintiff's attorney attended the sale and advised the deputy sheriff in charge and all persons present, including defendant Whitsitt, who was the secretary-treasurer of Millersburg Seed & Grain Elevator, Inc., of plaintiff's mortgage on the automobile. Whitsitt informed plaintiff's attorney that he would not recognize the validity of plaintiff's mortgage or its right to possession of the car, since the mortgage had not been recorded in Presque Isle county.

At the sale Millersburg Seed & Grain Elevator, Inc., bid $485 for the car. This was the only bid. All others attending the sale left after the announcement by plaintiff's attorney of Goodwill's mortgage

on the car. Following this announcement and a discussion with Whitsitt about Goodwill's mortgage, the deputy sheriff finally sold the car to Millersburg Seed & Grain Elevator, Inc. The car was moved to Tom's Speedway 79 Station for preparation for resale.

Plaintiff filed this replevin action against defendant Whitsitt personally. Pursuant to the writ of replevin, the sheriff took possession of the car.

After commencement of the replevin action, Millersburg filed a petition on April 11, 1961, to intervene as party defendant. Subsequently, Goodwill Industries of Detroit, Neil Whitsitt and Millersburg Seed & Grain Elevator, Inc., entered into a stipulation permitting Millersburg to be added as a defendant. The trial court entered the following order:

"Upon filing and reading the attached stipulation of the parties herein, by their attorneys, to add Millersburg Seed & Grain Elevator, Inc., a Michigan corporation, as party defendant,

"It is hereby ordered, that Millersburg Seed & Grain Elevator, Inc., a Michigan corporation be added as party defendant in the above entitled cause and that defendant, Millersburg Seed & Grain Elevator, Inc., a Michigan corporation file an answer to plaintiff's declaration within 15 days from the entry of the order so adding Millersburg Seed & Grain Elevator, Inc., a Michigan corporation, as party defendant."

Millersburg Seed & Grain Elevator, Inc., filed an answer setting up by way of affirmative defenses that it was the title holder of record of the vehicle in question and was an innocent bona fide purchaser for value, and that prior to the purchase of the vehicle it investigated the records in the office of the register of deeds for Presque Isle county and found

no outstanding liens or encumbrances against the vehicle.

At the trial Millersburg moved for a money judgment, waived its right to possession of the car, and elected to take the cash value thereof. Defendant Whitsitt's defense was that he did not have possession of the car at the time suit was commenced.

At the conclusion of the trial, the court entered judgment awarding possession of the car to plaintiff. The trial court also filed its opinion setting forth fully its findings of fact and conclusions of law supporting the judgment. Defendants appeal.

We find, under the circumstances in this case, and considering the actions of Neil Whitsitt on learning of plaintiff's mortgage and his statements to the effect the mortgage lien would not be recognized, that the trial court was correct in ruling that a demand under the circumstances would not be necessary and would be an idle gesture. See *Breitenwischer* v. *Clough,* 111 Mich 6 (66 Am St Rep 372), and *Log-Owners' Booming Co.* v. *Hubbell,* 135 Mich 65 (4 LRA NS 573), holding that in replevin where defendant claims title and right of possession to property, or exercises possession or control over property, with knowledge of the plaintiff's adverse claim, no demand by plaintiff before suit is ordinarily necessary. The reasoning of the Court was that defendant's retention of possession and claim of title was inconsistent with the supposition that he would restore the property if a formal demand were made. Under such circumstances the law does not require a demand since it would be an idle ceremony and, therefore, unnecessary. In the instant case the statements of Neil Whitsitt that Millersburg would not recognize the mortgage lien of plaintiff was such a circumstance.

We also find that the trial judge was correct in ruling that Millersburg Seed & Grain Elevator, Inc.,

could not possibly be a bona fide purchaser at the sheriff's sale, having had notice of plaintiff's mortgage. ⸱ There was actual notice by plaintiff's attorney. Millersburg, prior to the sale of the property to it at the sheriff's sale, had full knowledge of the chattel mortgage lien claimed by plaintiff. Under such circumstances, appellants gained no protection from plaintiff's chattel mortgage on the basis of failure to properly record the mortgage in Macomb or Presque Isle county. The rule in Michigan provides the statute protects only subsequent creditors *without notice.* See the discussion in *Detroit Trust Co.* v. *Detroit City Service Co.,* 262 Mich 14.

We further find that the trial court did not err in granting a judgment in favor of plaintiff, since by stipulation and order the Millersburg Seed & Grain Elevator, Inc., became a party defendant.

Tom's Speedway 79 Station was in actual possession of the car as agent of Millersburg Seed & Grain Elevator, Inc. This is undisputed. Under the circumstances in this particular case—the stipulation adding Millersburg Seed & Grain Elevator, Inc., as a party defendant—the filing of its answer cures the defect of instituting the suit against an improper defendant. The general rule set forth in *Bellows* v. *Goodfellow,* 276 Mich 471, and in the other cases therein cited, is not applicable. Millersburg by the stipulation and order became a full party defendant and was placed in exactly the same position as if the suit had been started against it.

In summary we conclude, therefore, that the trial court was correct in holding that no demand need be made on defendants prior to institution of the replevin suit under the circumstances in this case; that Millersburg Seed & Grain Elevator, Inc., was not a bona fide purchaser for value without notice; that the trial court did not err in refusing to grant the

motion to dismiss the replevin because it was brought against the wrong defendant.

The judgment of the trial court is affirmed. Plaintiff shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.