STATE of Iowa, Appellee,

v.

Ira F. HICKS, Jr., Appellant.

No. 59259.

Supreme Court of Iowa.

Sept. 22, 1976.

James M. Sullivan, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Jim Robbins, Asst. Atty. Gen., Ray A. Fenton, County Atty. and Richard G. Blane, II, Asst. County Atty., for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, UHLENHOPP and REYNOLDSON, JJ.

MOORE, Chief Justice.

This appeal by defendant, following his conviction for robbery with aggravation, presents one evidentiary question and attacks instruction 16, regarding credibility. We affirm.

A detailed statement of facts is not necessary. Mike Fuller, a clerk at Sherman's Super Valu Store in Des Moines testified that about 3:00 A.M., September 8, 1975, defendant approached the check-out counter, drew a 25-caliber automatic and told Fuller to clean out the register "or he would blow my head off." Defendant thereby obtained store money and that of Fuller and another clerk, David Stovall. Defendant's companion flashed a knife during the robbery. Defendant on direct examination admitted having a gun and committing the robbery but denied he had threatened Fuller or Stovall with any harm.

Defendant's direct examination continued:

"Q. [Defense Attorney, Sullivan]: During this time did you have the intent to kill or maim either Mike Fuller or David Stovall if they resisted you?"

"MR. BLANE [Asst. County Attorney]: I will object to that, Your Honor. It calls for a factual opinion which invades the province of the jury.

"THE COURT: Would you read the question? I'm sorry."

"(The pending question was read by the reporter.)

"THE COURT: Sustained. Calling for the ultimate fact here.

"Q. (By Mr. Sullivan): What would you have done if Mike Fuller had resisted you?"

"A. I would not have shot him because the gun wasn't loaded, but I really would have shot him if it was, but it wasn't loaded at the time, and if he had resisted me physically, attacked me or something, I could have done nothing but throw the gun down, and I would have tried to get out of there. If he had hold of me, we would have been fighting. I would have been trying to fight him, but if I seen he was going to resist and I was standing there, I would have run if I could see I could get away. I would have run out of the store because he would have called my bluff."

"Q. You testified here that the gun was unloaded, is that right?

"A. Yeah."

I. Of course a general objection to opinion testimony that the question invades the province of the jury is not available. *State v. Taylor,* Iowa, 201 N.W.2d 724, 727; *Bengford v. Carlem Corporation,* Iowa, 156 N.W.2d 855, 865; *Grismore v. Consolidated Products Co.,* 232 Iowa 328, 344, 5 N.W.2d 646, 655. However the question propounded to defendant did not go to his opinion but rather to his state of mind—his intent—at the time of the admitted robbery. His only defense went to the issue of whether he had the intent to maim or possibly kill his robbery victim. The trial court erroneously sustained the State's objection on the ground the question called for a factual opinion.

II. It is well established that whenever the belief, intent or motive of a witness is material he may testify directly thereto. *In re Estate of Allen,* 251 Iowa 177, 180, 100 N.W.2d 10, 11; *Williams v. Stroh Plumbing & Electric, Inc.,* 250 Iowa 599, 603, 94 N.W.2d 750, 753, 754; *Halligan v. Lone Tree Fmrs. Exch.,* 230 Iowa 1277, 1286, 300 N.W. 551, 556; *Nelson v. Grimes,* 8 Cir., 256 F.2d 816, 819 and citations.

The general rule is thus stated in 29 Am.Jur.2d, Evidence, section 364, page 413:

"In criminal prosecutions, where the intent or motive of one accused of a crime, in performing a particular act, becomes a material issue in a cause or reflects important light upon such issue, it is generally held that the accused may himself testify as to his intention or motive, notwithstanding the difficulty of furnishing contradictory evidence and the diminished credit to which his testimony may be entitled as coming from the mouth of an interested witness. The application of this rule in criminal prosecutions is, like its application in civil proceedings, limited to cases where the act is equivocal. In such instances, the direct testimony of the defendant is admissible as to his intention, for the purpose of characterizing the act. In any event, the intent or motive of the defendant must, of course, be a material issue in the case before the defendant will be allowed to testify in that respect."

See also 1 Jones on Evidence, 6th Ed., Gard, section 4:55, pages 500–501 and 1 Underhill's Criminal Evidence, 6th Ed., Herrick, section 55, page 120 and section 162, page 435, where the respective editors set out the substance of the above quoted legal principles.

III. But for the additional testimony of defendant, which details his thoughts and mental state relating to his intent at the time of the robbery, the erroneous ruling of the trial court would require reversal of his conviction. That testimony made the error nonprejudicial.

We have repeatedly held that the exclusion of evidence tending to show a certain fact is not reversible error where the claimed fact in question is fully established by other admitted evidence. *State v. Johnson,* Iowa, 219 N.W.2d 690, 699; *State v. Clark,* Iowa, 187 N.W.2d 717, 721; *Kengorco, Inc. v. Jorgenson,* Iowa, 176 N.W.2d 186, 189; *State v. Badgett,* Iowa, 167 N.W.2d 680, 685, 686 and citations.

IV. Defendant-appellant's second assignment asserts the trial court erred in including the following in instruction 16, the general credibility instruction (Uniform Instruction 501.5):

"If the testimony or any part thereof is conflicting, you will reconcile it if you can, so that it may all have weight and effect, but if you cannot, you will then give credit to that testimony and to those witnesses that to you as fair-minded men and women seem most entitled thereto."

This identical contention was made in *State v. Ochoa,* Iowa, 244 N.W.2d 773, where we rejected it and affirmed the lower court's judgment. *Ochoa* is dispositive of defendant-appellant's second assigned error.

We find no reversible error.

AFFIRMED.