283 N.W.2d 391 (1979)
204 Neb. 561
Richard J. MOSER, Sr., Appellant,
v.
The BOARD OF EDUCATION OF The SCHOOL DISTRICT OF HUMPHREY, in the County of Platte, in the State of Nebraska, Appellee.
No. 42434.
Supreme Court of Nebraska.
September 18, 1979.
*392 Crosby, Guenzel, Davis, Kessner & Kuester, Lincoln, for appellant.
Jewell, Otte, Gatz, Collins & Domina, Norfolk, for appellee.
Heard before KRIVOSHA, C. J., McCOWN and BRODKEY, JJ., and BUCKLEY and KELLY, District Judges.
KELLY, J. R., District Judge.
This is an appeal from a decision of the District Court for Platte County, Nebraska, which sustained the action of the Board of Education of the School District of Humphrey (Board) in firing the appellant, Richard Moser (Moser). We reverse and remand.
In the spring of 1977, Moser, then employed by the Board, was terminated. Moser initiated legal proceedings challenging this termination. The proceedings were pending at the beginning of the 1977-1978 school term, as a result of which Moser was unable to resume his reaching duties. A Miss Manguson (Manguson) was therefore hired by the Board to fill the teaching position previously held by Moser. In late September 1977, the Board reinstated Moser upon court order. Students taking subjects taught by Manguson were reassigned equally to Moser and Manguson. Shortly following the reinstatement, 25 students were withdrawn from Moser's classes by parental request.
On March 6, 1978, the Board adopted a policy relating to reductions in the teaching force which read as follows: "The Humphrey Public Schools Board of Education shall reduce staff within the elementary and secondary staff on the basis of the following criteria: (a) Administrative evaluation; (b) Teacher-pupil ratio within a discipline or department; (c) The number of curricular and co-curricular assignments."
By reason of having hired Manguson and being ordered to rehire Moser, the Board had a surplus of teachers in the social studies area. The Board, on April 4, 1978, advised both Moser and Manguson that it was considering the termination of one of them for reasons of reduction in force, pursuant to section 79-1254, R.R.S.1943. Both teachers requested a hearing on the matter which was held on April 18, 1978. The *393 Board, on the basis of evidence presented at those hearings, terminated the contract of Moser, a tenured teacher, and retained Manguson, a probationary teacher. Specifically, the Board found there was a change of circumstances which created just cause for terminating the contract of Moser in the following areas: (1) Low enrollment in Moser's classes; (2) withdrawal of substantial numbers of pupils from his classes; (3) a need for a teacher qualified in both social studies and girls athletics; and (4) the presence in the system of a teacher qualified to handle these areas.
Moser appealed this action to the District Court. On August 4, 1978, Moser filed a motion requesting that findings of fact and conclusions of law be set out in writing by the court. Trial was had on August 16, 1978, wherein evidence previously introduced at the reduction in force hearing was reviewed by the District Court. On the basis of this evidence, the District Court found generally for the Board and against Moser. From said order, Moser perfected this appeal. He contends herein that it was error for the court to make general findings of fact in light of his motion and that it was error to terminate a tenured teacher while retaining a probationary teacher under the guise of reduction in force. With the latter we agree.
We have earlier had opportunity to examine the tenured teacher act, sections 79-1248 to 79-1254.08, R.R.S.1943, as amended. "The clear intent of the tenured teacher act is to guarantee a tenured teacher continued employment except for two justifiable circumstances: (1) Discharge for a cause; and (2) reduction in the teaching force." Witt v. School District No. 70, 202 Neb. 63, 273 N.W.2d 669. "The standard of review in an error proceeding from an order terminating the contract of a tenured teacher is whether there has been sufficient evidence adduced at the proceeding before the inferior tribunal, as a matter of law, to support the determination reached." Davis v. Board of Education, 203 Neb. 1, 277 N.W.2d 414; Sanders v. Board of Education, 200 Neb. 282, 263 N.W.2d 461.
It is true that there was sufficient evidence to support action by the Board to reduce the teaching force. However, as a matter of law, Moser could not be terminated while Manguson was retained. The surplus teacher situation was created by the Board's own action when it hired Manguson for the position which Moser had previously held. In effect, the change in circumstances relied upon by the Board to discharge Moser was the surplus of teachers created by the court-ordered reinstatement of Moser the previous September. What the Board was prevented from doing directly in the spring of 1977, it attempted to do indirectly in the spring of 1978. As we have earlier pointed out, such result would emasculate the intent of the tenured teacher act. See Witt v. School District No. 70, supra. The evidence indicates that Moser had been employed by the Board for more than 2 years prior to the attempted termination under the guise of a reduction in force. No evidence was presented to indicate that Moser was a probationary teacher. We must therefore presume that Moser, having been employed by the Board for more than 2 years, was a tenured teacher under the provisions of the tenured teacher act, sections 79-1248 to 79-1254.08, R.R.S.1943, as amended. We therefore find that Moser, the tenured teacher, could not be terminated while Manguson, a probationary teacher, was retained under the reduction in force provision of section 79-1254, R.R.S.1943.
Such a result is likewise consistent with the legislative action in this area. Section 79-1254.05, R.S.Supp., 1978, which went into effect after the reduction in force hearing, provides as follows: "No such [reduction in force] policy shall allow the reduction of a permanent or tenured employee while a probationary employee is retained to render a service which such permanent employee is qualified by reason of certification and endorsement to perform or where certification is not applicable, by reason of college credits in the teaching area." The legislative intent is clear. If a tenured teacher and a probationary teacher are subject to termination due to a surplus of staff, *394 the tenured teacher must be retained so long as he has the required certification in the area. Moser was certified in the subject area of social studies. He should have been retained. To have discharged Moser under the circumstances was error and he should be reinstated.
In view of our action herein we need not consider other assignments of error. The judgment of the District Court is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.