ERNEST MEYER, APPELLANT, V.
BOARD OF EDUCATION, SCHOOL DISTRICT NO. 68,
ET AL., APPELLEES.

303 N.W.2d 291

Filed March 13, 1981.  No. 43303.

Koenig & Murray for appellant.

Timothy S. Schmidt for appellees.

Theodore L. Kessner and Mark D. McGuire of Crosby, Guenzel, Davis, Kessner & Kuester for Nebraska State Education Assn. as amicus curiae.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

Appellant, Ernest Meyer, was employed as a probationary teacher for the school year 1978-79 by the appellee School District No. 68, Thayer County, Nebraska. On April 27, 1979, the Board of Education, by unanimous vote, agreed not to offer a contract to the appellant for the 1979-80 school year. Appellant was notified of this action by the school board on April 30, 1979. Meyer filed a petition in the District Court for Thayer County alleging various procedural errors and requested that the action of the school board be declared ineffective in determining not to offer him a contract for the 1979-80 school year. The District Court affirmed the action of the school board. Meyer appeals. We affirm.

This is one of a series of cases that have been decided under Neb. Rev. Stat. § 79-1254 as it has been amended

over the years. In 1971, § 79-1254, as amended, provided that all administrators and teachers holding a certificate valid for more than 1 year were entitled to a continuing contract not to be terminated without a majority vote of the board, timely notice, and a hearing if requested. The bases for the board's vote to terminate under this section were "unsatisfactory performance or other conditions because of a reduction in staff members or change of leave of absence policies of the board of education which the board considers *may be cause* to either terminate . . . ." (Emphasis supplied.)

In 1975, in response to *Schultz v. School Dist. of Dorchester*, 192 Neb. 492, 222 N.W.2d 578 (1974), § 79-1254 was again amended. In *Schultz*, this court held that under the 1971 version of § 79-1254, school boards could terminate any teacher for "any cause whatsoever, or for no cause at all." *Id.* at 500, 222 N.W.2d at 583. The 1975 Legislature repealed the existing sections of § 79-1254 and enacted the following: "The original contract of employment with an administrator or a teacher and a board of education of a Class I, II, III, or VI district shall require the sanction of a majority of the members of the board. ~~Any~~ Except for the first two years of employment under any contract entered into after the effective date of this act, any contract of employment between an administrator or a teacher who holds a certificate which is valid for a term of more than one year and a Class I, II, III, or VI district shall be deemed renewed and shall remain in full force and effect until a majority of the members of the board vote on or before May 15 to amend or to terminate the contract for just cause at the close of the contract period. The first two years of the contract shall be a probationary period during which it may be terminated without just cause. Any superintendent or associate superintendent may have his contract of employment terminated without just cause at the close of the contract period. ~~; Provided, that the~~ The secretary of the board shall, not later than April 15, notify each admin-

istrator or teacher in writing of any conditions of unsatisfactory performance or other conditions because of a reduction in staff members or change of leave of absence policies of the board of education which the board considers may be just cause to either terminate or amend the contract for the ensuing school year. Any teacher or administrator so notified shall have the right to file within five days of receipt of such notice a written request with the board of education for a hearing before the board. Upon receipt of such request the board shall order the hearing to be held within ten days, and shall give written notice of the time and place of the hearing to the teacher or administrator. At the hearing evidence shall be presented in support of the reasons given for considering termination or amendment of the contract, and the teacher or administrator shall be permitted to produce evidence relating thereto. The board shall render the decision to amend or terminate a contract based on the evidence produced at the hearing."

In *Wang v. Board of Education*, 199 Neb. 564, 566, 260 N.W.2d 475, 477 (1977), the majority observed that: "[1975 Neb. Laws, L.B. 82] (1) required and defined just cause for dismissal; (2) separated the statutory provisions applicable to teachers and superintendents; and (3) created a 2-year probationary period during which newly hired teachers could be dismissed without a showing of just cause."

Originally the bill proposed to affect the same class of people affected by § 79-1254 (Reissue 1971), all teachers and administrators with a valid certificate for more than 1 year. Opposition to the bill, however, argued that making the just cause requirement applicable to all teachers would essentially create a system of automatic tenure in teachers and take from the school boards the opportunity to view teachers on a probationary basis. See, Senator Lewis, Floor Debate at 385, January 31, 1975. An amendment to the bill removed from the just cause provisions teachers in their first 2 years of employment with the district. Dworak-Mills Amend-

ment, Legislative Journal (1975) at 456.

Appellant argues, however, that probationary teachers are still entitled to notice and a hearing if requested. This contention is without merit. Probationary teachers are exempted from every provision outlined in § 79-1254 (Reissue 1976): "Except for the first two years of employment . . . any contract of employment . . . shall be deemed renewed and shall remain in full force . . . ." and "[t]he first two years of the contract shall be a probationary period during which it may be terminated without just cause." Although § 79-1254 is somewhat confusingly arranged, the following interpretation is the one supported by both the rules of sentence construction and legislative intent.

The statute requires that permanent teachers' contracts continue from year to year except until just cause is shown for termination. Probationary teachers' contracts do not continue and they may be terminated for any reason or no reason. Notice of conditions constituting just cause for termination must be served on teachers prior to termination; probationary teachers are excluded from this requirement because their contracts are not continuing and no cause need be shown to terminate them.

"A fundamental principal of statutory construction is to ascertain the legislative intent and give effect to it, if it is a lawful one." *Schultz v. School Dist. of Dorchester*, 192 Neb. 492, 496, 222 N.W.2d 578, 581 (1974). The intent of the Legislature in amending the bill to exempt probationary teachers from the notice and hearing requirements is expressed in the senators' comments relating to the tenure system in District IV (Lincoln) and District V (Omaha). "It is not that major a change and it only does for these Class districts what the Omaha and Lincoln school districts and their employees seem to be well satisfied with, and it seems completely reasonable." Senator Dickinson, Floor Debate, January 31, 1975, at 387. Speaking to the

need for the amendment, Senator Clark stated at 386: "I would assume that anyone having tenure in Class IV or V schools doesn't automatically have tenure. I think there's probably a probationary period." Compare § 79-1254 with Neb. Rev. Stat. §§ 79-1256 and 79-1259 (Reissue 1976).

Neb. Rev. Stat. § 79-1254 (Reissue 1971) was amended by 1975 Neb. Laws, L.B. 82, and the original sections were repealed. Legislative Journal (1975) at 599. As set out above, probationary teachers were excluded from the protection established by L.B. 82 and they are not included in the class of teachers entitled to notice, a hearing, and just cause shown for termination of their contracts. The judgment of the District Court is affirmed.

AFFIRMED.