LORETTA L. ROTH AND JANE MONTGOMERY, APPELLEES,
v. SCHOOL DISTRICT OF SCOTTSBLUFF, IN THE COUNTY OF
SCOTTS BLUFF, IN THE STATE OF NEBRASKA,
A POLITICAL SUBDIVISION, APPELLANT.

330 N.W.2d 488

Filed February 25, 1983.   No. 81-702.

True R. Ferguson of Atkins, Ferguson, Hahn, Zimmerman & Carney, for appellant.

Mark D. McGuire of Crosby, Guenzel, Davis, Kessner & Kuester, for appellees.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

The School District of Scottsbluff appeals a declaratory judgment action in which the District Court found plaintiffs, Loretta Roth and Jane Montgomery, were entitled to and deprived of preferred rights of reemployment under Neb. Rev. Stat. § 79-1254.07 (Reissue 1981), and awarded damages accordingly. On appeal, the School District of Scottsbluff contends the trial court erred in (1) allowing Montgomery preferred rights to reemployment under § 79-1254.07, (2) concluding § 79-1254.07 was constitutional, (3) finding Roth had not waived her right to reemployment, and (4) computing damages and finding plaintiffs properly mitigated damages. We reverse in respect to Montgomery and affirm in respect to Roth.

Roth and Montgomery were teachers for school district No. 67 when that district, in March 1979, adopted a plan to merge with the Scottsbluff School District. As a result of the merger, Scottsbluff School District assumed all rights and obligations of school district No. 67. Montgomery was a probationary teacher in her first year of teaching for school district No. 67 and Roth was a tenured teacher. In April 1979 Montgomery received notice that her contract would be terminated at the close of the contract period. Roth received notice that the merger would cause a reduction in staff and, consequently, her contract would be terminated at year-end. The school district No. 67 board affirmed both terminations after a board hearing.

In anticipation of the merger, plaintiffs interviewed with the Scottsbluff School District for teaching positions. After the interviews the Scottsbluff School District contacted neither plaintiff concerning reemployment and hired new teachers from 1979 to 1981 to satisfy positions for which Montgomery and Roth were qualified. Montgomery found a part-time teaching job for 1980-1981. Roth taught at Wheatland School District from 1979 to

1980 and at Berean Christian School from 1980 to 1981, with both positions paying less than if she had taught in the Scottsbluff School District.

Plaintiffs filed a declaratory judgment action on July 30, 1979, asking for damages based on their preferred right to reemployment under § 79-1254.07. At trial, the court found that both Montgomery, a probationary teacher, and Roth, a tenured teacher, were terminated due to a reduction in force and, consequently, had preferred rights to reemployment which the School District of Scottsbluff failed to respect.

In its first assignment of error Scottsbluff School District argues that a probationary teacher is not entitled to preferred rights to reemployment allowed under § 79-1254.07. Section 79-1254.07 states that "Any employee whose contract shall be terminated because of reduction in force . . . shall have preferred rights to reemployment for a period of twenty-four months commencing at the end of the contract year and the employee shall be recalled on the basis of length of service to the school to any position for which he or she is qualified by endorsement or college preparation to teach."

We have said that the purpose of the tenured teacher act, Neb. Rev. Stat. §§ 79-1248 to 79-1254.08 (Reissue 1981), " 'is to guarantee a tenured teacher continued employment except for two justifiable circumstances: (1) Discharge for cause; and (2) reduction in the teaching force.' " *Moser v. Board of Education,* 204 Neb. 561, 563, 283 N.W.2d 391, 393 (1979). In *Meyer v. Board of Education,* 208 Neb. 302, 303 N.W.2d 291 (1981), we stated that § 79-1254 provides proper procedures for termination of tenured teachers, but does not protect probationary teachers who may be terminated for any or no reason. "Probationary teachers are exempted from every provision outlined in § 79-1254 . . . ." *Id.* at 305, 303 N.W.2d at 293. Thus, based on *Meyer,* we find that a probationary teacher is entitled to none of

the termination or rehiring benefits allowed under §§ 79-1254 et seq., including the preferred rights to reemployment under § 79-1254.07. Consequently, the trial court erred in awarding Montgomery damages based on her preferred rights to reemployment, for as a probationary teacher, even one terminated due to a reduction in force, she has no reemployment rights under § 79-1254.07. Conversely, because Roth is a tenured teacher terminated due to a reduction in force, she has preferred rights to reemployment under § 79-1254.07.

In attacking Roth's award, the School District of Scottsbluff contends § 79-1254.07 is unconstitutional because the phrases "reduction in force," "waive recall," and "leave of absence," found in § 79-1254.07, are too vague to give one notice. We will not consider the phrase "leave of absence," as it is only a hypothetical problem in the present case. See *Horn v. Burns and Roe,* 536 F.2d 251 (8th Cir. 1976). The constitutional requirement that statutory language must be reasonably certain or be held void for vagueness is satisfied by the use of ordinary terms which find adequate interpretation in common usage and understanding. *State v. Metteer,* 203 Neb. 515, 279 N.W.2d 374 (1979). Based on this standard we find the statute adequately certain. "Reduction in force" has a clear meaning in common usage, and this court has further clarified its meaning by stating that reduction in force involves terminating a teacher "due to a surplus of staff." *Moser v. Board of Education, supra* at 564-65, 283 N.W.2d at 393. Similarly, "waive recall" is a phrase of common understanding, meaning relinquishing the right to be called back. See Webster's Third New International Dictionary, Unabridged (1968).

Next, the School District of Scottsbluff contends that the trial court erred in not finding that Roth waived her right to recall. Section 79-1254.07 states that "An employee under contract to another educational institution may waive recall . . . ."

Thus, the question is whether Roth voluntarily and intentionally relinquished her right to recall. See *Pester v. American Family Mut. Ins. Co.,* 186 Neb. 793, 186 N.W.2d 711 (1971). The waiver question is one of fact for the jury. 28 Am. Jur. 2d *Estoppel and Waiver* § 174 (1966); *Williams v. Stroh Plumbing & Electric, Inc.,* 250 Iowa 599, 94 N.W.2d 750 (1959). The determination of factual issues in a declaratory judgment action, which would otherwise be an action at law, will be treated in the same manner as if a jury had been waived. Hence, a trial court's findings have the effect of a jury verdict and will not be set aside unless clearly wrong. *MFA Ins. Companies v. Mendenhall,* 205 Neb. 430, 288 N.W.2d 270 (1980); *Larutan Corp. v. Magnolia Homes Manuf. Co.,* 190 Neb. 425, 209 N.W.2d 177 (1973).

We find the record supports the court's refusal to find Roth waived her right of recall. Indeed, her interviewing with the School District of Scottsbluff, her attorney's letters to the district concerning her rehiring, and her filing of this suit suggest a strong intent to maintain, rather than waive, her right of recall.

Finally, the School District of Scottsbluff argues that the trial court erred in computing damages and in finding Roth properly mitigated damages. Both of these are factual issues and the findings of the trial court will not be set aside unless clearly wrong. *MFA Ins. Companies v. Mendenhall, supra; Larutan Corp. v. Magnolia Homes Manuf. Co., supra.* We find that a reading of the record supports the trial court's findings on Roth's damages and her proper mitigation of damages.

The judgment of the District Court in favor of Montgomery is reversed and the cause remanded with directions to dismiss her action, and the judgment in favor of Roth is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.

CLINTON, J., not participating.