LAUREL KENNEDY, APPELLANT, V. BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF OGALLALA, KEITH COUNTY, NEBRASKA, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLEE.

430 N.W.2d 49

Filed October 7, 1988.    No. 87-038.

Mark D. McGuire, of Crosby, Guenzel, Davis, Kessner & Kuester, for appellant.

R. Kevin O'Donnell, of McGinley, Lane, Mueller, O'Donnell & Williams, P.C., for appellee.

HASTINGS, C.J., CAPORALE, and GRANT, JJ., and MORAN and BROWER, D. JJ.

PER CURIAM.

Petitioner in error, Laurel Kennedy, appeals from the judgment of the district court affirming the decision of the defendant in error, the board of education of the School District of Ogallala, not to renew her teaching contract after the 1985-86 school year. Kennedy asserts the district court erred in a variety of respects, including its finding that she received proper notice. In addition to resisting Kennedy's assignments of error, the board challenges our jurisdiction to consider this matter, claiming that the notice of appeal was not seasonably filed, and therefore asks that we dismiss the appeal. Having previously disposed of the board's jurisdictional challenge by overruling its motion for summary dismissal filed pursuant to Neb. Ct. R. of Prac. 7B (rev. 1986), and finding that the notice given Kennedy was deficient, we reverse.

Kennedy is a certified teacher who was employed by the board to provide instruction in mathematics and history, the two fields in which she was endorsed as qualified. During the 3 years of her probationary employment, Kennedy taught algebra and American history at the Ogallala High School in the mornings and seventh grade mathematics at the middle school in the afternoons. In addition, she coached volleyball.

In a letter dated January 27, 1986, John Brennan, the board's superintendent, informed Kennedy that the board would be reviewing his recommendation not to renew her contract of employment as "a result of a change of circumstances necessitating a reduction in staff . . . ." Kennedy received a second letter from the board, dated February 4, 1986, in which she was informed that the board might "not renew or may modify [her] contract for the 1986-87 school year as a result of a change of circumstances necessitating a reduction in staff . . . ." This letter also informed Kennedy that she had the right to file a written request for a hearing before the board.

On February 8, 1986, Kennedy requested a hearing "[p]ursuant to Sections 79-12,107 through 79-12,121 and Sections 79-1254.05 through 79-1254.08 . . . for the purpose of

determining if a change in circumstances has occurred necessitating a reduction . . . ." Kennedy also requested a complete listing of all reasons to be offered as a basis for terminating her contract, a list of all witnesses to testify on behalf of the administration or school district, a summary of their testimony, and copies of all documents to be used as exhibits.

Shortly after February 17, 1986, Kennedy received another letter from Brennan which advised that the hearing would be held

pursuant to Sec. 79-12, 114 and 79-12, 116 R.R.S. 1943. It is the statutory criteria for hearing to be had for the contract amendment, termination, nonrenewal and cancellation of a probationary certificated employee. The procedure outlined in Sec. 79-12, 115 will not be followed. The reason for this is that such procedure is reserved for permanent or tenured certificated employees. You presently do not meet the requirements for tenure with the district and are not considered a permanent certificated employee. If you object to our determination in this regard, please so advise in writing prior to February 24th and state the reasons therefore [sic]. It is our intention to afford you every opportunity and every statutory safeguard guaranteed to you. In that regard, if you or your legal representative care [sic] to see copies of such stature [sic], so there is no confusion in this matter, please so advise our office to provide the same.

(Emphasis in original.)

On March 17, 1986, Kennedy appeared with a representative at a hearing conducted by the board. Kennedy's representative objected to the hearing on the basis that the specific information requested by Kennedy had not been provided. Brennan again refused to provide the data on the basis that Kennedy was not a tenured teacher, whereupon Kennedy's continuing objection to the conduct of the hearing was noted.

Brennan testified that Kennedy's performance was not at issue but that the positions of certain employees were at issue because of the proposed reduction in force necessitated by budget cuts. It appears the board had been overspending its

budget at the rate of $200,000 per year, and some way to control spending had to be found, as tax relief had been promised via a resolution passed at a January 20, 1986, meeting.

Brennan explained that he initially met with a certified public accountant to determine what needed to be done to reduce the board's spending, and in the process identified staff positions to be eliminated. Decisions as to which staff members were to be eliminated from employment were made on the basis that nontenured, or probationary, teachers were to be eliminated first and in accordance with the board's reduction in force policy. That policy provides in relevant part: "Selection of non-tenured teachers for release will be based on such factors as performance evaluation, academic and professional qualifications, potential for future success, and maintenance of a well-balanced educational program and staff." Brennan explained that among the factors considered in selecting Kennedy as one of the persons to be eliminated from the staff were principal recommendations, number of endorsements (i.e., the number of subjects she is certified as competent to teach), and the likelihood of her future success as a teacher. He also stated it was believed that Kennedy's position could be absorbed by tenured teachers and that there were no other available positions which Kennedy was qualified to perform. Brennan declined to identify or otherwise provide information concerning the teachers with whom Kennedy was compared.

Kennedy expressed the opinion that the decision not to renew her contract was part of a plan to shift teachers in order to create a vacancy for a physical education teacher who would also be a basketball coach. In support of that position, Kennedy adduced the testimony of Dixie Wilson that when Wilson requested a transfer to a different area of teaching, she was told by those in authority that it was not possible due to the need for shifting teachers to make way for a basketball coach.

After Kennedy concluded her evidence, the board, "[b]ased upon the recommendation made by the Superintendent and . . . given . . . by [the] school attorney," unanimously found:

> 1) a reduction in force policy exists and that it covers certificated probationary employees, 2) a change of circumstances requiring a reduction in force has occurred,

3) such change in circumstances are specifically related to Mrs. Laurel Kennedy, the teacher to be riffed, 4) there are no other vacancies on the staff for which Mrs. Kennedy is qualified by endorsement or professional training to perform.

Thereafter, the board unanimously passed a motion to terminate Kennedy's employment due to a reduction in force.

The board responds to Kennedy's claim that the notice she was given preceding the hearing was inadequate by reminding us that in *Roth v. School Dist. of Scottsbluff*, 213 Neb. 545, 330 N.W.2d 488 (1983), we held that the rights granted to tenured teachers by former Neb. Rev. Stat. §§ 79-1254 to 79-1254.08 (Reissue 1981) did not apply to probationary teachers. The legal reality is, however, that much of what was said in *Roth* has been superseded by subsequent legislative enactments. While the Legislature has not yet obliterated all distinctions between probationary and permanent employees, it has unquestionably given probationary teachers greater protection than they formerly enjoyed and has thereby correlatively limited the power of boards of education over them. See, *Trolson v. Board of Ed. of Sch. Dist. of Blair*, 229 Neb. 37, 424 N.W.2d 881 (1988); *Nuzum v. Board of Ed. of Sch. Dist. of Arnold*, 227 Neb. 387, 417 N.W.2d 779 (1988).

As one holding a certificate issued by the Nebraska Commissioner of Education authorizing her to teach specified subjects at designated grade levels, Kennedy is a "certificated employee." Neb. Rev. Stat. §§ 79-1233, 79-1247.07, and 79-12,107 (Reissue 1987). According to Neb. Rev. Stat. § 79-12,111(1) (Reissue 1987), the contract of a "probationary certificated employee shall be deemed renewed and remain in full force and effect unless amended or not renewed in accordance with sections 79-12,107 to 79-12,121." Section 79-12,111(4) permits a school board not to renew the contract of a probationary certificated employee "for any reason it deems sufficient," so long as the reason is not constitutionally impermissible, but provides that a nonrenewal by "reason of reduction in force shall be subject to sections 79-1254.05 to 79-1254.08 and 79-12,107 to 79-12,121."

Thus, § 79-12,111(4) makes the provisions of § 79-12,111(3)

and (5) applicable to a probationary certificated teacher whose contract of employment is in jeopardy because of a reduction in force. Those latter portions of § 79-12,111 require that, upon request, such a teacher be given notice stating the employment-related reasons for the proposed action with sufficient specificity as to provide an opportunity to respond and be afforded a hearing before the board.

In *Irwin v. Board of Ed. of Sch. Dist. No. 25*, 215 Neb. 794, 340 N.W.2d 877 (1983), we held that a notice which stated the cause for which Irwin was to be terminated in conclusionary form, lacking detail sufficient to enable him to prepare an adequate defense and show any error, rendered the subsequent hearing meaningless and thus violated due process. Kennedy argues that the same rationale renders the notice the board gave her inadequate. See, also, *Benton v. Board of Ed. of Sch. Dist. No. 17*, 219 Neb. 134, 361 N.W.2d 515 (1985).

Without reaching the due process question, it is clear the notice given Kennedy did not meet the statutory requirement that, upon request, the board supply a teacher in Kennedy's position with data sufficient to enable her to respond; that is, to prepare a defense and show any error that might exist. Simply telling one that nonrenewal of her contract of employment is being considered because of a reduction in force does not afford such opportunities. The notice must advise the teacher of the basis of the reduction, e.g., a diminished enrollment or a lack of funds, and the basis on which her contract was selected for nonrenewal. Only in that way can the teacher prepare to meet the board's evidence and show any error the board might have made.

That being so, the board's decision cannot stand, and we need not consider Kennedy's other assignments of error.

The judgment of the district court affirming the decision of the board is erroneous and is hereby reversed.

REVERSED.