KRISTEN COX, APPELLEE, V. YORK COUNTY SCHOOL DISTRICT NO. 083, ALSO KNOWN AS MCCOOL JUNCTION PUBLIC SCHOOLS, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLANT.

560 N.W.2d 138

Filed March 14, 1997.    No. S-95-182.

Dan Alberts, of DeMars, Gordon, Olson, Recknor & Shively, for appellant.

Scott J. Norby, of McGuire and Norby, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and LUTHER, D.J.

WRIGHT, J.

York County School District No. 083 (District) did not renew the employment contract of Kristen Cox. Cox brought a petition in error, and the district court reversed and vacated the decision of the board of education of York County (Board) and reinstated Cox to her position. The District appeals.

## SCOPE OF REVIEW

The standard of review in an error proceeding from an order terminating the contract of employment of a probationary certificated employee is whether the school board acted within its jurisdiction and whether there is sufficient evidence as a matter of law to support its decision. See, *Drain v. Board of Ed. of Frontier Cty.*, 244 Neb. 551, 508 N.W.2d 255 (1993); *Nuzum v. Board of Ed. of Sch. Dist. of Arnold*, 227 Neb. 387, 417 N.W.2d 779 (1988).

## FACTS

Cox was hired by the District on June 1, 1993, as a music, band, and vocal activities teacher for the 1993-94 school year. As a first-year teacher, Cox was a probationary certificated employee. During the first semester, she taught fourth, fifth, and sixth grade music classes and band; seventh grade music; eighth grade music and choir; and high school band. She also organized a volunteer choir and other voluntary music activities.

During the first semester, Cox received no administrative feedback regarding her performance other than occasional positive remarks. However, she was told by another teacher that the high school band students were disturbed that she intended to make them take a test at the end of the first semester. Cox was under the impression that the students were upset because they had not previously been required to take a test for band class.

Cox became concerned and contacted Dan Ohlrich, the high school principal, to discuss the situation. Ohlrich told Cox it was the District's policy that all classes, including band, required a semester test. Therefore, Cox administered the semester test. However, to make the test as easy as possible,

Cox provided a review 1 week beforehand which was taken directly from the test.

Later, toward the end of the first semester, the administration learned that a number of band students were intending to drop out of band after the first semester. Without Cox's knowledge, the administration interviewed the students and their parents. At that time, the students allegedly complained to the administration that Cox had made demeaning remarks to them about their performance.

Following these interviews, Ohlrich and George Bauer, the superintendent and elementary school principal, discussed with Cox their concerns about the students dropping band. Cox was told that she might be able to remedy the situation with one student by visiting with the student. Bauer testified that Cox did not seem very receptive to this suggestion.

On January 28, 1994, which was during the second semester, Ohlrich conducted the first formal evaluation of Cox. This evaluation was based on one full instructional period, as well as alleged informal observations made during the first semester.

In the January 28, 1994, evaluation, Cox's performance was rated as satisfactory in all respects except that her "relationship with students" was marked as "needs improvement." Suggestions or comments on the form stated:

> Teacher was very well organized for class. Students were kept on task entire period. Teacher needs to improve communication with students. Be sure to list objectives on lesson plan. Directions were clear & specific. Guided practice was used. Teacher checked for understanding of parts (appropriate questioning). Be sure to use good closure. Use ~~appropriate~~ positive reinforcement when appropriate.

Cox testified that in response to this evaluation she requested more specific guidance on how to improve, but was not given any.

On March 14, 1994, the Board took formal action to renew the contracts of all certificated employees except Cox. The minutes of the board meeting, which described this formal action, were reported in the York News-Times on March 31.

On March 15, 1994, Bauer completed a second formal evaluation of Cox. This evaluation was based upon a full instructional

period observation. As with Ohlrich's evaluation, Bauer found Cox's "relationship with students" to be in need of improvement. He found Cox's performance in all other respects to be satisfactory. Bauer's comments on the evaluation stated: "Needs improvement in motivation of students. Needs to adjust to the students['] talents so that confidence is developed between the teacher and student through the period of instruction."

Cox testified that in response to this evaluation, she again asked for help as to how she might improve her "relationship with students." She stated that Bauer was unable to give her any guidance. Later that same day, Bauer allegedly told Cox that her contract would not be renewed for the next school year.

On April 1, 1994, Bauer sent formal notification to Cox stating that Bauer intended to recommend to the Board that it consider not renewing Cox's teaching contract for the 1994-95 school year. Upon receipt of the notice, Cox requested a hearing before the Board.

At a hearing held on May 3, 1994, Cox testified that she had always been and still was receptive to the idea of visiting with the students and their parents in order to remedy any problems they might have with her. In fact, Cox stated that after hearing that the students were dropping band, she had contacted them. Cox stated that none of the students ever expressed any complaint with her behavior. Rather, the students told her that band conflicted with other classes they wanted to take during the second semester. Cox also thought that some of the students may have dropped band because they were displeased with having to take a semester test.

Ohlrich testified at the hearing that in addition to the formal evaluation conducted on January 28, 1994, he had made multiple informal observations of Cox's professional performance during the first semester. It was his opinion that statements made by the students as to their relationship with Cox were consistent with his own observations and evaluations.

Ohlrich noted that when he first expressed concern to Cox about her relationship with the students, he understood Cox's reaction to his suggestion that Cox meet with the students to mean that Cox "did not care to visit with the students." Ohlrich

stated it was his belief that Cox did not talk with the students to see if the problems could be worked out.

Ohlrich opined that in terms of actual teaching proficiency and instructional methods, Cox had done an excellent job, and that he had never personally observed that Cox was demeaning, hurtful, or discouraging toward any student. Still, Ohlrich believed that Cox's inadequate communication skills ultimately led the students to drop band, and he did not feel that band enrollment would increase for the 1994-95 school year if Cox was the band teacher. Based upon this assessment, he recommended to the Board that it not renew Cox's contract for the 1994-95 year.

Following the hearing, the Board determined not to renew Cox's contract for the 1994-95 school year. Cox appealed the Board's decision to the district court, which reversed and vacated the decision of the Board and ordered Cox reinstated with the District as of May 3, 1994. The District appeals this decision.

## ASSIGNMENT OF ERROR

The District assigns as error the district court's finding that the District failed to provide Cox due process as required by law in deciding not to renew her teaching contract.

## ANALYSIS

The nonrenewal or amendment of the contract of a probationary certificated employee is governed by Neb. Rev. Stat. § 79-12,111 (Reissue 1994). Contracts of probationary certificated employees are deemed renewed unless the school board elects not to renew the contract. Section 79-12,111(4) provides in part: "The school board may elect to amend or not renew the contract of a probationary certificated employee for any reason it deems sufficient if such nonrenewal shall not be for constitutionally impermissible reasons and such nonrenewal shall be in accordance with sections 79-12,107 to 79-12,121."

We have previously determined that although § 79-12,111(4) allows a school board not to renew a probationary certificated employee's contract for any constitutionally permissible reason it deems sufficient, the employee still has procedural rights with which the school board must comply. See *Nuzum v. Board of*

*Ed. of Sch. Dist. of Arnold,* 227 Neb. 387, 417 N.W.2d 779 (1988). In *Kennedy v. Board of Ed. of Sch. Dist. of Ogallala,* 230 Neb. 68, 72, 430 N.W.2d 49, 51 (1988), we explained: "While the Legislature has not yet obliterated all distinctions between probationary and permanent employees, it has unquestionably given probationary teachers greater protection than they formerly enjoyed and has thereby correlatively limited the power of boards of education over them." The issue in this case is whether the Board violated any of those procedural rights in conjunction with its decision not to renew Cox's contract for the 1994-95 school year.

The procedural rights to which Cox was entitled are found in Neb. Rev. Stat. §§ 79-12,107 to 79-12,121 (Reissue 1994). One of the issues presented to the district court was whether the District and its administration failed to comply with the requirements of § 79-12,111(2) by failing to evaluate Cox based on actual classroom observations for an entire instructional period at least once each semester during the 1993-94 school year.

Section 79-12,111(2) requires:

> All probationary certificated employees . . . shall, during each year of probationary employment, be evaluated at least once each semester . . . in accordance with the procedures outlined below:

> The probationary employee shall have been observed and evaluation shall have been based upon actual classroom observations for an entire instructional period. Should deficiencies be noted in the work performance of any probationary employee, the evaluator shall provide the [employee] at the time of the observation with a list of deficiencies, a list of suggestions for improvement and assistance in overcoming the deficiencies, and followup evaluations and assistance when deficiencies remain.

The District contends that although it did not evaluate Cox for a full instructional period during the first semester, the Board met and exceeded all of the procedural and due process requirements established by law in not renewing Cox's contract.

Thus, we examine the requirements of § 79-12,111 in the event that a school board elects not to renew the contract of a probationary certificated employee. Since our interpretation of

the requirements of § 79-12,111 is a matter of law, we reach such conclusion independent of that of the trial court. See, *In re Interest of Brandy M. et al.*, 250 Neb. 510, 550 N.W.2d 17 (1996); *County Cork v. Nebraska Liquor Control Comm.*, 250 Neb. 456, 550 N.W.2d 913 (1996) (statutory interpretation is matter of law in connection with which appellate court has obligation to reach independent, correct conclusion irrespective of determination made by court below).

In *Nuzum v. Board of Ed. of Sch. Dist. of Arnold, supra,* we examined the requirements of § 79-12,111(2) in the context of the decision not to renew the contract of a school principal. We stated:

> It is clear from § 79-12,111 as a whole, without the need to resort to other sources, that its *purpose is to compel school system managers to engage in a specified process* of evaluating all probationary certified employees, identify such skill and performance areas in which the employee needs to improve, provide suggestions for and assistance in making those improvements, and eliminate from the system those who cannot become competent.

(Emphasis supplied.) *Nuzum*, 227 Neb. at 394, 417 N.W.2d at 784. Thus, we determined that the procedures of § 79-12,111(2) constituted a mandatory constraint on a school board's power to elect not to renew a probationary certificated employee's contract of employment.

However, the District points out that in *Nuzum* we held that an informal ongoing evaluation conducted on the employee in that case was sufficient to satisfy the requirement in § 79-12,111(2) that there be at least one evaluation each semester which is for an entire instructional period. The District asserts that *Nuzum* thus supports a legislatively intended wide-ranging flexibility for employment decisions during the probationary period and that, therefore, the informal observations conducted by Ohlrich during the first semester should be sufficient.

Contrary to the District's contention, our holding in *Nuzum* does not imply that something less than full compliance with the statutory provisions may form the predicate to a legal nonrenewal. Rather, in *Nuzum* we attempted to apply the require-

ments as nearly as possible to a principal whose primary duties did not entail instructional periods.

Based upon our decision in *Nuzum* and the plain language of the relevant statutory provisions, we conclude that a school board which elects to amend or not renew the contract of a probationary certificated employee must have evaluated such employee at least once each semester in accordance with the following procedures: Such employee shall have been observed, and if the employee is a teacher, the evaluation shall have been based upon actual classroom observations for an entire instructional period. Should deficiencies be noted in the work performance of any probationary employee, the evaluator shall provide, at the time of the observation, a list of deficiencies, a list of suggestions for improvement and assistance in overcoming the deficiencies, and followup evaluations and assistance when deficiencies remain. Such requirements are a prerequisite to the school board's election to amend or not renew such employee's contract pursuant to § 79-12,111.

Having established the legal requirements for a decision not to renew the contract of a probationary certificated employee, we proceed to examine whether the evidence was sufficient to establish that the Board complied with the procedural requirements for Cox's nonrenewal. In a proceeding in error, both the district court and the appellate court review the decision of the school board to determine whether the board acted within its jurisdiction and whether there is sufficient evidence as a matter of law to support the school board's decision. See, *Nuzum v. Board of Ed. of Sch. Dist. of Arnold*, 227 Neb. 387, 417 N.W.2d 779 (1988); *Meier v. State*, 227 Neb. 376, 417 N.W.2d 771 (1988); *Eshom v. Board of Ed. of Sch. Dist. No. 54*, 219 Neb. 467, 364 N.W.2d 7 (1985).

Our review shows it is undisputed that the Board did not meet the statutory requirement that Cox be evaluated at least once per semester based on actual classroom observations for an entire instructional period. The District's first semester for the 1993-94 school year ended January 14, 1994. Cox's first evaluation based on actual classroom observations for an entire instructional period occurred on January 28.

While the record indicates that the District may have violated other procedural rights as well, we uphold the district court's reinstatement of Cox on the grounds that the District failed to evaluate her for an entire instructional period during the first semester of the 1993-94 school year. We find that the evidence was insufficient to support the determination made by the Board for nonrenewal of Cox's employment contract.

## CONCLUSION

The District failed to follow the requirements set forth in § 79-12,111(2). Because the District failed to follow the requirements as provided by law, its election not to renew Cox's employment contract was properly reversed by the district court. The judgment of the district court is affirmed.

AFFIRMED.